IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DARYLL KEITH SHUMAKE, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:18cv00292 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| THE COMMONWEALTH OF VIRGINIA, | ) | By: Michael F. Urbanski |
|     Defendant. | ) | Chief United States District Judge |

Daryll Keith Shumake, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, against the Commonwealth of Virginia, challenging the validity of his conviction. Shumake alleges that his cousin "was caught red handed in possession of the property that [he was] convicted of" and possession is "9-10 of the law." He further alleges that, "twelve to [thirteen] year[s] later," his cousin has agreed to sign a sworn affidavit stating "that he actually did the crime," in order to "clear [Shumake's] name." Shumake claims that the "Commonwealth is liable for withholding [unidentified] exculpatory evidence." As relief, Shumake asks to be "released back to society" and awarded $5.75 million for his pain and suffering. For the following reasons, the court will dismiss this action.

"When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), see generally, Wilkinson v. Dotson, 544 U.S. 74, 78-82 (2005) (summarizing the distinctions between § 1983 and habeas actions). To the extent Shumake challenges the validity of his conviction and seeks immediate release from incarceration, his claim is not cognizable in a § 1983 action.

To the extent Shumake seeks damages, his claim is barred.[1]  "When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  Heck v. Humphrey, 512 U.S. 477, 487 (1994).  Because Shumake has neither alleged nor demonstrated that his underlying conviction has been invalidated, his claim is barred by Heck.  Accordingly, the court will dismiss Shumake's complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

**ENTER**:  This 18th day of December, 2018.

/s/ Michael F. Urbanski
Chief United States District Judge

---

[1] Moreover, the Commonwealth of Virginia is not a proper defendant.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690, n.55 (1978); Lee-Thomas v. Prince George's Cty. Pub. Sch., 666 F.3d 244, 248 (4th Cir. 2012).